UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

STERLING L. JOHNSON,

                Plaintiff,

-against-

CELLULAR SALES; ALEX McCANN,

                Defendants.

1:25-CV-7687 (LTS)

TRANSFER ORDER

---

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff Sterling L. Johnson, who appears to be undergoing treatment at NYC Health + Hospitals/Bellevue (Bellevue Hospital), in New York, New York, brings this *pro se* action using the form complaint distributed by the court for non-prisoner *pro se* claims of federal constitutional violations; he does not specify the claims he is raising.[1] He sues: (1) Cellular Sales, and has attached to his complaint a copy of an invoice that indicates that it is located in Peoria, Illinois[2]; and (2) Alex McCann, who is alleged to be a Cellular Sales salesperson located in Peoria, Illinois. Plaintiff seeks unspecified relief for "tracking [him] on social media and giv[i]ng out a second phone." (ECF 1, at 5.) For the following reasons, the Court transfers this action to the United States District Court for the Central District of Illinois.

## DISCUSSION

The appropriate venue provision for Plaintiff's claims is found at 28 U.S.C. § 1391(b), which provides that, unless otherwise provided by law, a federal civil action may be brought in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a

---

[1] Plaintiff has neither signed the complaint nor paid the fees to bring this action or filed an *in forma pauperis* application.

[2] This invoice appears to have been file-stamped on May 20, 2025, by the Clerk of the United States District Court for the Central District of Illinois. (ECF 1, at 7.)

substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). For venue purposes, a "natural person" resides in the judicial district where the person is domiciled, and any other "entity with the capacity to sue and be sued," if a defendant, resides in any judicial district where it is subject to personal jurisdiction with respect to the civil action in question. § 1391(c)(1), (2).

Plaintiff does not specify where the defendants reside, but the copy of the invoice attached to his complaint appears to indicate that Cellular Sales, specifically, Cellular Sales of Illinois LLC, is located in Peoria, Illinois. (ECF 1, at 7.) That same invoice indicates that Alex McCann, who is allegedly employed by Cellular Sales as a salesperson, sold items to Plaintiff, on May 6, 2025, at that Peoria, Illinois, location. Peoria, Illinois, lies within Peoria County, Illinois, in the Central District of Illinois. *See* 28 U.S.C. § 93(b). Thus, while it appears that both defendants may reside within the Central District of Illinois, Plaintiff gives no indication that either defendant resides within the State of New York, let alone, within this judicial district.[3] Thus, this court would not appear to be a proper venue for this action under Section 1391(b)(1).

Plaintiff also does not specify, in his complaint, where the alleged events giving rise to his claims have occurred. According to the attached invoice copy, however, it would seem that a substantial part of the alleged events have occurred in Peoria, Illinois (ECF 1, at 7), within the Central District of Illinois. Plaintiff does not indicate that a substantial part of the alleged events

---

[3] This judicial district, the Southern District of New York, is comprised of the following New York State counties: (1) New York (New York City Borough of Manhattan); (2) Bronx (New York City Borough of the Bronx); (3) Westchester; (4) Dutchess; (5) Rockland; (6) Orange; (7) Putnam; and (8) Sullivan. *See* 28 U.S.C. § 112(b).

2

took place within this judicial district. Thus, while it is unclear that this court is a proper venue for this action under Section 1391(b)(2), it is clear that the United States District Court for the Central District of Illinois is a proper venue for this action under that provision.

Under 28 U.S.C. § 1404(a), even if a civil action is filed in a federal district court where venue is proper, a court may transfer the action to any other federal district court where it might have been brought "[f]or the convenience of parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). In determining whether transfer is appropriate, courts consider the following ten factors: (1) the convenience of witnesses; (2) the convenience of the parties; (3) the locus of operative facts; (4) the availability of process to compel the attendance of unwilling witnesses; (5) the location of relevant documents and the relative ease of access to sources of proof; (6) the relative means of the parties; (7) the forum's familiarity with the governing law; (8) the weight accorded to the plaintiff's choice of forum; (9) trial efficiency; and (10) the interest of justice, based on the totality of circumstances. *Keitt v. N.Y. City*, 882 F. Supp. 2d 412, 458-59 (S.D.N.Y. 2011); *see also N.Y. Marine and Gen. Ins. Co. v. LaFarge N. Am., Inc.*, 599 F.3d 102, 112 (2d Cir. 2010) (setting forth similar factors).

Under Section 1404(a), transfer appears to be appropriate for this action. Because Plaintiff seems to allege that a substantial part of the events giving rise to his claims occurred within the Central District of Illinois, it is reasonable to expect that relevant documents and witnesses would also be located within that judicial district. The United States District Court for the Central District of Illinois, which is a proper venue for Plaintiff's claims under Section 1391(b)(2), therefore, appears to be a more convenient forum for this action. Accordingly, the Court transfers this action to that court. *See* § 1404(a); *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 106 (2d Cir. 2006) ("District courts have broad discretion in making determinations of

convenience under Section 1404(a) and notions of convenience and fairness are considered on a case-by-case basis.").

## CONCLUSION

The Court directs the Clerk of Court to transfer this action to the United States District Court for the Central District of Illinois. *See* 28 U.S.C. § 1404(a). Whether Plaintiff should be permitted to proceed further without prepayment of fees is a determination to be made by the transferee court. Summonses shall not issue from this court. This order closes this action in this court.

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith and, therefore, *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   September 29, 2025
         New York, New York

                                              /s/ Laura Taylor Swain
                                              LAURA TAYLOR SWAIN
                                              Chief United States District Judge